**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
JENNIFER HICKS,

                                Plaintiff,

              -against-

DIGITALOCEAN LLC,

                              Defendant.
------------------------------------------------------------------X

          **25 Civ. 10560 (ALC) (GS)**

                 **ORDER**

**GARY STEIN, United States Magistrate Judge:**

On May 19, 2026, the Court held an Initial Case Management Conference in this action.  As discussed during the conference, and as noted in Plaintiff's brief in opposition to Defendant's motion to compel arbitration (Dkt. No. 20), Defendant's motion to compel arbitration relies on a purported arbitration provision that was not included in Defendant's motion papers.  Instead, the Declaration of Cathy Mai, filed in support of Defendant's motion, attaches a letter agreement between the parties that does not contain an arbitration provision.  (Dkt. No. 18 Exs. 5 & 6).  Defendant's counsel indicated that this was an oversight.  Accordingly, during the conference, the Court ordered Defendant's counsel to file a letter by no later than Friday, May 22, 2026, (1) indicating whether it intends to re-file its Motion to Compel Arbitration and (2) providing an explanation for the incorrect filing.

Defendant's counsel filed that letter the same day.  (Dkt. No. 22).  Counsel explains that the agreement containing the relevant arbitration provision was initially attached as an exhibit to the document accompanying the Mai Declaration, but was "inadvertent[ly]" missing from Defendant's filing.  (*Id*. at 1–2).  Defendant

also provides limited briefing as to why, in its view, the arbitration provision should be enforced, in light of the fact that it "can be read as contradictory" to language in the letter agreement itself. (*Id.* at 2–3). Accordingly, Defendant requests an opportunity to correct its initial motion papers "either by correcting" the initial papers "or by refiling the motion." (*Id.* at 3). The Court appreciates this prompt update from counsel.

Earlier today, Plaintiff's counsel filed a letter in response. (Dkt. No. 23). Plaintiff provides limited briefing of her own, disputing Defendant's contention that the two provisions can be reconciled, and arguing that this inconsistency renders the arbitration provision unenforceable as a matter of law. (*Id.* at 2–3). Without citing any authority, Plaintiff submits that Defendant should be "estopped" from re-filing its motion to compel based on a new argument and information that could have been included in its prior motion. (*Id.* at 3).

Plaintiff's estoppel argument is rejected. Defendant's inadvertent failure to attach the full or correct document to the Mai Declaration is no basis for depriving Defendant of whatever rights it may have to move to compel arbitration. The Court therefore finds that Defendant may re-file its motion to compel arbitration. The parties' competing arguments as to the applicability of the arbitration provision will be considered in the context of that motion and on the basis of full briefing from the parties.

Accordingly it is hereby **ORDERED** that Defendant's Motion to Compel Arbitration at Docket Number 18 is hereby **DENIED** without prejudice and with

leave to re-file.  Defendant shall file its renewed Motion to Compel Arbitration, if any, by no later than Friday, May 29, 2026.  Plaintiff's opposition brief and accompanying materials shall be due by no later than twenty-one days following submission of Defendant's motion.  Defendant's reply, if any, shall be due by no later than seven days following Plaintiff's opposition.  The Clerk of Court is respectfully directed to close the open motion at Docket Number 18.

**SO ORDERED.**

DATED:     New York, New York
           May 20, 2026

_____
The Honorable Gary Stein
United States Magistrate Judge