Littler

MEMO ENDORSED

Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022.3298

Anat Maytal
212.471.4422 direct
amaytal@littler.com

For the reasons set forth at the October 29 conference, Defendant's motion to stay discovery is denied. The parties shall meet and confer and propose a revised discovery schedule to the Court. SO ORDERED.

Date: October 29, 2026

Gary Stein
United States Magistate Judge
Southern District of New York

September 4, 2026

**VIA ECF**

The Honorable Gary Stein, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Hicks v. DigitalOcean, LLC*, No. 25-cv-10560 (ALC)(GS)

Dear Judge Stein:

Pursuant to Section III(B) of Your Honor's Individual Practice Rules, Defendant DigitalOcean, LLC ("DigitalOcean" or "Defendant") respectfully requests a stay of discovery pending resolution of Defendant's motion to compel arbitration filed (ECF Nos. 27-29) filed on May 29, 2026. Counsel for Plaintiff Jennifer Hicks ("Plaintiff") has been consulted regarding this request and opposes the requested stay.

**Background**

Plaintiff Jennifer Hicks ("Hicks") was employed by Defendant from July 2017 until September 2025. As a condition of her employment, Hicks executed an arbitration agreement requiring employment-related disputes to be resolved through binding arbitration. Hicks nevertheless commenced this action asserting employment-related claims arising from her employment and termination. On May 11, 2026, Defendant filed a motion to compel arbitration pursuant to the parties' Arbitration Agreement, which was then refiled on May 29, 2026. (ECF 18 and 27-30).

Specifically, Hicks asserts claims under the FMLA, ADA, NYSHRL, and NYCHRL, all of which arise from her employment relationship with DigitalOcean and the termination of that relationship. Defendant's motion to compel arbitration contends that these claims fall squarely within the scope of the Arbitration Agreement and therefore must be resolved through arbitration rather than litigation in this Court. (ECF 27-30 and 35). The motion to compel arbitration was fully briefed as of June 26, 2026.

**Legal Standard**

Under Rule 26(c), a district court may stay discovery upon a showing of good cause. *See Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Courts in this District have recognized that "a stay of discovery is appropriate pending resolution of a potentially dispositive

motion where the motion 'appear[s] to have substantial grounds.'" *Id.* In determining whether a stay is warranted, courts generally consider "(1) the breadth of discovery sought, (2) any prejudice that would result from a stay, and (3) the strength of the dispositive motion." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

The Court also possesses inherent authority to stay proceedings in the interests of judicial economy and efficient case management. As the Supreme Court explained, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

In exercising that authority, courts must "weigh competing interests and maintain an even balance." *Id.* at 254-55. These considerations strongly favor a stay where, as here, a motion to compel arbitration is pending. The Federal Arbitration Act ("FAA") embodies a "liberal federal policy favoring arbitration agreements," and courts must enforce arbitration agreements according to their terms. *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017). Because a motion to compel arbitration presents a threshold issue that may require the parties to proceed in another forum, courts routinely stay discovery pending a determination of arbitrability to avoid unnecessary litigation expense. *See, e.g., Meyer v. Kalanick, No. 15-CV-9796*, 2016 WL 4073012, at *1-2 (S.D.N.Y. July 29, 2016) (staying proceedings pending resolution of a motion to compel arbitration), vacated on other grounds, 868 F.3d 66 (2d Cir. 2017); *Katz v. Cellco P'ship*, 794 F.3d 341, 345-47 (2d Cir. 2015) (holding that the FAA requires a stay of proceedings when claims are referred to arbitration).

## <u>Argument</u>

### I. The Motion To Compel Arbitration Sets Forth Substantial Grounds

Defendant's motion to compel arbitration presents substantial grounds for granting the motion and, if granted, will require Plaintiff to resolve her claims through arbitration rather than through litigation in this Court. Plaintiff executed an Arbitration Agreement as a condition of her employment with DigitalOcean that broadly requires arbitration of employment-related disputes and expressly encompasses claims under the FMLA, ADA, NYSHRL, and NYCHRL. Defendant's motion argues both that the Arbitration Agreement is valid and enforceable and that all claims asserted in this action fall squarely within its scope.

Indeed, Defendant's motion sets forth substantial authority supporting enforcement of the Arbitration Agreement, including that Plaintiff signed the agreement, acknowledged that she entered into it voluntarily, and agreed that arbitration would be the "sole, exclusive and final remedy" for covered disputes. Defendant further argues that the FAA requires enforcement of the parties' agreement and that Plaintiff's claims arise entirely from her employment relationship and termination, placing them squarely within the scope of the Arbitration Agreement.

Because the pending motion may dispose of this litigation in its entirety or substantially alter the forum in which Plaintiff's claims are adjudicated, this factor weighs strongly in favor of a stay.

**II. The Breadth and Burden of Discovery Favor a Stay**

The discovery contemplated in this case is substantial. Plaintiff asserts multiple employment-related statutory claims arising from several years of employment, which would likely require extensive document discovery, collection and review of electronically stored information, production of employment records, third-party discovery, and multiple depositions concerning Plaintiff's employment history, alleged accommodations, medical leave, performance, and termination.

Proceeding with such discovery while a potentially dispositive motion to compel arbitration remains pending would impose significant and potentially unnecessary expense on both the parties and the Court. Indeed, the parties and the Court already have exerted efforts regarding the form of production of documents in discovery, even before discovery response were exchanged between the parties. (*See* ECF 38, 39, and 41). If Defendant's motion is granted, discovery, and any other efforts related to discovery, would be required to occur in arbitration, not in Court. Staying discovery until the Court resolves the threshold issue of arbitrability will therefore conserve judicial and party resources and avoid unnecessary litigation costs.

**III. Plaintiffs Will Not Be Prejudiced by a Stay**

Plaintiff will suffer no unfair prejudice from a temporary stay. The motion to compel arbitration is pending with the Court, and otherwise, this case remains in its earliest stages. Discovery has only recently commenced, no depositions have been taken, and the parties have not yet incurred the substantial costs associated with full merits discovery. A brief stay pending resolution of the motion to compel arbitration will therefore not jeopardize any evidence, disrupt any existing discovery schedule, or result in any meaningful litigation disadvantage to Plaintiff.

Moreover, the requested stay is limited in duration and seeks only to preserve the status quo while the Court resolves the threshold issue of whether Plaintiff's claims must be arbitrated pursuant to the parties' agreement. If the motion is denied, discovery may proceed without material delay. If the motion is granted, a stay will have spared the parties and the Court the burden and expense of unnecessary litigation. Under these circumstances, any prejudice to Plaintiff is minimal, while the benefits of a stay are substantial.

Accordingly, Defendant respectfully requests that the Court stay discovery pending resolution of Defendant's motion to compel arbitration.

Respectfully submitted,

*/s/ Anat Maytal*
Anat Maytal

*Attorney for Defendant*

cc: Jeffrey Maguire, Esq., *Counsel for Plaintiff* (via ECF)